# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **UNITED STATES of AMERICA** ) | DOCKET NO. 3:07CR86 |
| ) | |
| v. ) | |
| ) | |
| **SONNY SIGUENZA (1)** ) | |
| ) | |

## CONSENT ORDER AND JUDGMENT OF FORFEITURE

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(8)(B) as proceeds derived from, or traceable to the gross proceeds that the defendant obtained, directly or indirectly, from the offenses of conviction, *to wit*, 18 U.S.C. §§ 1343 (telemarketing fraud committed by wire), 371 (conspiracy to commit wire fraud), and 2326:

> Real property (lots 324 and 325 in the area known as "Residential Villa Adobe") located in Santo Domingo, Costa Rica, owned in the name of Big Brother, Inc. and/or Water, Inc., which are corporations owned by the co-defendant, Samuel J. Hofhenke;

2. the Superseding Bill of Indictment contains a Notice of Criminal Forfeiture which provides that, upon conviction of the offenses charged in Count One of the Bill of Information alleging Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Sections 371, 1343 and 2326; and Count 2 of the Bill of Information

alleging Wire Fraud in violation of Title 18, United States Code, Sections 1343 and 2326, the defendant, Samuel J. Hofhenke shall forfeit to the United States property which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts 1 and 2;

3. as the result of the defendant's guilty pleas to the offenses contained in Counts 1 and 2 of the Bill of Information, and the factual basis elicited in support of those pleas, the Court has determined, based on the evidence in the record and with the defendant's consent, that the above-described property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(8), that the defendant had an interest in such property and that the United States has established the requisite nexus between such property and such offenses;

4. upon the entry of this Order, the United States is authorized to take possession of and maintain custody of the above-described property, whether held by the defendant or by a third party, and to conduct any discovery necessary in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3);

5. upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order;

6. the United States shall, to the extent practicable, provide direct written notice to any persons (other than the defendant) known to have a potential interest in the forfeited property, and shall publish notice of this forfeiture as required by law;

7. any person, other than the defendant, asserting any legal interest in the above-described property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1);

8. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, pursuant to Fed. R. Crim. P. 32.2(b)(3), this order shall become the final order and judgment of forfeiture. The United States will then have clear title to the above-described property, and shall dispose of the property according to law, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought;

10. after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The parties stipulate and agree that the above-described real property located in

Costa Rica constitutes proceeds derived from, or traceable to, the gross proceeds that the defendant obtained, directly or indirectly, from the offenses of conviction, *to wit*, 18 U.S.C. §§ 1343 (telemarketing fraud committed by wire), 371 (conspiracy to commit wire fraud), and 2326. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment of conviction against the defendant.

GRETHCEN C.F. SHAPPERT
UNITED STATES ATTORNEY

_____
Patrick M. Donley, Sr. Litigation Counsel
U.S. Department of Justice, Criminal Division

_____
Defendant

_____
Counsel for the Defendant

Signed this 29th day of October, 2008.

_____
HONORABLE FRANK D. WHITNEY
UNITED STATES DISTRICT JUDGE